IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                          CIVIL ACTION NO. 5:07cr1-DCB-LRA

BURNELL HARRIS                                                        DEFENDANT

### MEMORANDUM OPINION & ORDER

This matter comes before the court on the defendant's Motion to Dismiss [**docket entry no. 22**].  Having reviewed the Motion, brief, response, reply, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds and orders as follows:

A nine-count indictment was entered against Defendant Burnell Harris on January 10, 2007.  Harris is, and at all relevant times has been, the Circuit Clerk of Jefferson County, Mississippi.  The defendant is charged with three counts of violating 18 U.S.C. § 666(a)(1), which addresses punishment for embezzlement from an organization, state or local government, or any agency thereof, that receives federal funds.  (Indictment, Counts 1-3.)  Counts four and five contain allegations that Harris knowingly laundered the allegedly embezzled funds in violation of 18 U.S.C. § 1957.  The government claims in counts six through nine that Harris "did willfully attempt to evade and defeat an income tax due and owing by him and his spouse" for the years of 1999, 2000, 2001, and 2002.  Finally, the indictment contains various forfeiture claims

-1-

regarding counts one through five.  The defendant now moves for dismissal of the embezzlement and money laundering counts, as well as the corresponding forfeiture allegations.

## DISCUSSION

Section 666 of Title 18 punishes two distinct forms of conduct: theft, 18 U.S.C. § 666(a)(1) and bribery, 18 U.S.C. § 666(a)(2).  The action at bar only concerns the former.  For the defendant to be found guilty of theft or embezzlement under Section 666, the government must prove (1) that the defendant is an agent of an organization, or of a state or local government, or any agency thereof, (2) that the entity for which the defendant is an agent receives more than $10,000 under a federal assistance program in any one year, and (3) that the defendant embezzles, steals or obtains by fraud any property which is valued at more than $5,000 and is controlled by such entity.  18 U.S.C. § 666(a)(1).

The defendant's Motion to Dismiss concerns two main issues.  First, Harris asserts that he is not an agent of any entity which receives more than $10,000 in federal funds.  Second, the defendant argues that the indictment should be dismissed because the government has failed to show any nexus between the federal funds received by Jefferson County and Harris's alleged conduct.

**I.   Section 666(a)(1) Does Not Require the Government to Prove a Connection Between the Alleged Theft and Federal Funds**

As to the nexus argument, in United States v. Sabri, 541 U.S.

600 (2004), the United States Supreme Court granted certiorari "to resolve a split among the Court of Appeals over the need to require connection between forbidden conduct and federal funds; compare, *e.g.*, United States v. Grossi, 143 F.3d 348 (C.A.7 1998) (no nexus requirement), and United States v. Lipscomb, 299 F.3d 303 (C.A.5 2002) (same), with United States v. Zwick, 199 F.3d 672 (C.A.3 1999) (nexus requirement), and United States v. Santopietro, 166 F.3d 88 (C.A.2 1999) (same)." Sabri, 541 U.S. at 604. On its face the bribery portion of Section 666 has no nexus requirement. The defendant in Sabri argued that Section 666 was facially unconstitutional since the statute does not require the government to prove the existence of a direct causal link between the bribe and federal funds. Id. at 605. To say it another way, the defendant argued that Section 666 lacks a sufficient "jurisdictional hook" to confer federal criminal jurisdiction over his actions. Id.

The Supreme Court held that Section 666, as written, is a constitutional use of Congress' Article I power. The Court reasoned, "It is certainly enough that [Section 666] condition the offense on a threshold amount of federal dollars defining the federal interest." Id. Thus, to prevail on a Section 666(a)(2) bribery prosecution, the government must prove only that a defendant bribed an agent of a state, local or tribal government or organization, and that such entity received at least $10,000 in

federal funds.

Nevertheless, Harris argues that under United States v. Phillips, 219 F.3d 404, 413-14 (5th Cir. 2000), he may only be convicted of embezzlement if the government proves beyond a reasonable doubt that he had access to, or is in some other way connected to, the federal funds which flowed to Jefferson County during the relevant time frames. (Mem. Br. Supp. M. Dismiss, 9-10.) Although Sabri dealt with Section 666(a)(2) bribery, the Court's rationale is equally applicable to Section 666(a)(1)'s theft and embezzlement provisions. See United States v. Spano, 401 F.3d 837, 840 n.2 (7th Cir. 2005) ("We see no reason for any differentiation in analysis among the (a)(1) and (a)(2) charges, which are basically two sides of the same coin (agents stealing federal funds/accepting bribes versus giving bribes to agents)."), quoted in United States v. Ollison, 2007 WL 580619, at *2 (N.D. Tex. Feb. 23, 2007) (denying, in light of Sabri, defendant's motion to dismiss Section 666(a)(1) indictment); see also United States v. Lipscomb, 299 F.3d 303 (5th Cir. 2002) (rejecting the defendant's argument that Section 666 bribery required the government to prove a "fund focused nexus," i.e., that there was some link between the bribe and federal funds). Accordingly, the defendant's reliance on Phillips is misplaced. The government is only required to prove those elements which are expressly required by statute: that the defendant was an agent of an entity that received more than $10,000

in federal funds, and that the defendant embezzled more than $5,000 from that entity.

## II. Circuit Clerks Are Agents of the County in Which They Are Elected

Harris argues that he is an agent of the "Office of Circuit Clerk of Jefferson County," but he argues that he **is not** an agent of Jefferson County itself. It is undisputed that the circuit clerk's office does not receive any federal funds. Similarly, it is undisputed that Jefferson County does receive federal assistance. The crux of the matter, then, is whether a Mississippi Circuit Clerk is an agent of the County in which he or she is elected to serve.

The defendant primarily relies on Unites States v. Phillips, supra, to support his argument that he is not an agent of Jefferson County. Chaney Phillips, the tax assessor of St. Helena Parish, Louisiana, was convicted of violating Section 666(a)(1)'s fraud provision.[1] Phillips argued on appeal that he was an agent of the tax assessor's office, not St. Helena Parish. The tax assessor's office did not receive federal funds while the parish did. Circuit Judge Grady Jolly, writing for a split panel of the Fifth Circuit, found that Phillips was not an agent of the parish and reversed Phillips' Section 666 conviction. Phillips, 219 F.3d at 421.

---

[1]Specifically, Phillips placed two friends on the assessor's pay roll, but neither person actually worked for the assessor's office.

-5-

Section 666(d)(1) defines an "agent" as "a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative." Thus, for Harris to be considered an agent of Jefferson County, he must be "authorized to act on behalf of" Jefferson County.[2] While at first glance the facts of this case seem to be similar to those in Phillips, careful analysis reveals two distinct scenarios.

First, it is important to note that Louisiana tax assessor offices are set up quite differently than Mississippi circuit clerk offices. The Louisiana Constitution creates "tax assessment districts." These assessment districts are standalone entities which are wholly independent of the parish.[3] See Phillips, 219 F.3d at 412 ("The Louisiana Constitution . . . establishes

---

[2]Although the parties fail to argue the point, it is apparent that Mississippi law considers circuit and chancery clerks to be officers of the county in which they are elected. Smith v. Chickasaw County, 125 So. 96 (Miss. 1929); Moore v. Tunica County, 107 So. 659 (Miss. 1926); Dugger v. Board of Supervisors, 104 So 459 (Miss. 1925); Cook v. State, 43 So. 618, 620 (Miss. 1907) (referring to sheriff, chancery clerk, and circuit clerk as being the three highest ranking county officers); Ex parte Wimbley, 1879 WL 4075, *8, 57 Miss. 439 (1879). See also Miss. Const. Art. V, § 138 (referring to "clerks of courts" in section titled "Selection of County Officers"); Smith, Miss. Atty. Gen. Op., 1983 WL 43089 (June 28, 1983) (stating that circuit and chancery clerks are county officers). Since a county officer is, by definition, a county agent, Harris is clearly an agent of Jefferson County.

[3]In other words, although a tax assessment district and a parish may share territorial bounds, the two have no relationship beyond a common geographic definition.

assessment districts as independent of parish government.") Moreover, tax assessor districts are controlled and supervised by the Louisiana Tax Commission – a state entity – and "the parish has no control over the assessor." Id.  The Fifth Circuit further noted that assessors receive no employee benefits from the parish, tax assessor office employees have a separate retirement and insurance system which is self-funded, and assessors have no control or authority over parish employees. Id. at 412-413.

Louisiana tax assessors and Mississippi circuit clerks are similar in one regard:  their duties are established by state law. Louisiana assessors and Mississippi clerks share few other characteristics.  Unlike the Louisiana Constitution's creation of tax assessor districts which are separate from parishes, the Mississippi Constitution does not affirmatively set the office of circuit clerk apart from the county in which it is situated. Among other duties, circuit clerks maintain the county's circuit court docket and collect filing fees.  The filing fees are used to pay a portion of the clerk's salary, but the fee portion is limited to $90,000.00.[4]  Any fees collected in excess of the $90,000.00 salary

---

[4]The defendant argues that his compensation is set by state statute.  Such a statement is somewhat misleading.  Circuit clerks are limited by statute as to the amount of **fees** they may keep for their personal income.  The state does not regulate many other potential sources of income, such as salary paid directly from the county treasury.  A report of the Mississippi State Auditor dated May 23, 2007 reveals that Mississippi circuit clerks' 2006 "net income" ranged between $16,430 in Tippah County and $139,074 in Leflore County.  The Leflore County circuit clerk received $49,074

limitation must be remitted to the county general fund.[5]  On April 15 of each year, the circuit clerk is required to remit all excess fees from the previous year to the county.  The result is that the clerk typically holds a substantial amount of county funds at any given time.

Moreover, circuit clerks are authorized to control some county employees.  The Mississippi Code expressly allows circuit clerks to hire deputy clerks.  <u>See</u> Miss. Code Ann. § 9-7-123.  The deputy clerks are "deemed employees of the county[, and] the clerk shall select and supervise their public duties."  Miss. Code Ann. § 9-7-126; <u>see</u> <u>also</u> Ward, Miss. Atty. Gen. Op. 1992-0148 (March 11, 1992) (stating that although deputy clerks are county employees, only the circuit clerk is authorized to control them; thus, the board of supervisors cannot force deputies to punch a time clock). Furthermore, the Code requires the county board of supervisors to defray the salaries of deputy clerks with funds from the county treasury.  Miss. Code Ann. § 9-7-126.  These county funds go directly to the circuit clerk unless the clerk expressly requests that the salary offset be paid directly to the deputies.  <u>Id.</u>  The fact that circuit clerks receive county funds to pay deputies, and

---

in "Income Not Subject to Cap."

[5]In 2006, circuit clerks throughout Mississippi remitted a combined $899,602.00 to the county in which they serve. Circuit Clerk Fee Report for 2006, 4, *available at* http://www.osa.state.ms.us/documents/chancery_circuit-clerks/circ 2006.pdf (last updated May 23, 2006).

that clerks control these county employees, strongly weighs in favor of finding that clerks are county agents.

The county is also obligated to fund a portion of its circuit clerk's state retirement. Mississippi Code Section 25-11-123(f)(4) states that for chancery and circuit clerks, "the employing county shall be responsible for the employer contributions on the net income attributable to direct treasury or county payroll income." Louisiana tax assessors, on the other hand, participate in the Louisiana Tax Commission's retirement plan, and the parish pays no part of the assessor's retirement.

Circuit clerks also serve as the county registrar. For their service as county registrar, clerks receive an annual salary and a "meeting day per diem," both of which are paid from the county general fund. Miss. Code Ann. § 23-15-225. Those running for countywide or county district office must register in that county's circuit clerk office. Moreover, countywide and county district candidates must file campaign finance reports with the circuit clerk. See Mississippi Campaign Finance Guide, 10 (2007) (publication of the Mississippi Secretary of State). These facts show that circuit clerks are authorized to act on behalf of their counties with regard to several election-related issues. The vital role that clerks play in county governance again weighs in favor of finding them to be county agents.

Notwithstanding these distinctions between Louisiana tax

assessors and Mississippi circuit clerks, the defendant nevertheless relies on Phillips for the proposition that circuit clerks are not county agents. Harris argues that since state law requires clerks to file an annual report with the State Auditor, clerks are not county agents. The simple fact that state law places some restrictions on circuit clerks and requires clerks to file annual reports with the State Auditor does not necessarily mean that clerks are not county officers or agents. Sheriffs, for example, must file budgets and reports with the county board of supervisors which are then reviewable by the state Auditor. Miss. Code Ann. § 19-25-13. It would be unreasonable to suggest that a sheriff is not a county officer or agent. See United States v. Marmolego, 89 F.3d 1185 (5th Cir. 1996) (upholding conviction of Texas sheriff under Section 666). Similarly, individual county supervisors and the books of boards of supervisors[6] are subject to being audited by the State Auditor. See Miss. Code Ann. §§ 7-1-45 and 7-1-51.

Lastly, the defendant argues in his reply brief that he cannot be an agent of the county because he is an officer of the judicial branch of government, not the executive branch. Harris provides no authority for his assertion that a member of the judicial branch cannot be a county agent. Assuming, *arguendo*, that Harris is

---

[6]County supervisors are clearly county agents for Section 666's purposes. See United States v. Westmoreland, 841 F.2d 572 (5th Cir. 1988).

correct in this proposition, it is of no avail to him. Circuit clerks are clearly non-judicial officers of the executive branch of government. Miss. Comm'n on Judicial Performance v. Ishee, 627 So. 2d 283 (Miss. 1993) (reprimanding and fining, under Canon 7 of the Code of Judicial Conduct, justice court judge who ran for "non-judicial office" of circuit clerk while serving as judge); Poyner v. Gilmore, 158 So. 922 (Miss. 1935) (holding that chancery clerk is "not a judicial office"); Bingham, Miss. Atty. Gen. Op., 1984 WL 247093 (Sept. 10, 1984) ("Both circuit clerks and chancery clerks and, therefore, their deputies, are officers and members of the executive branch of government . . . .")

Taken as a whole, the facts clearly show that circuit clerks are authorized to act on behalf of the county in which they are elected to serve. Circuit clerks play an integral part in the administration of county justice, governance, and elections. Clerks collect and hold county funds in the form of various court-related fees. Clerks are also charged with directing and controlling deputy clerks, which are county employees, and clerks receive funds directly from the county treasury to defray the costs of employing the deputies. Having carefully viewed the facts in light of the proffered case law, the Court finds that Harris is an agent of Jefferson County, Mississippi. Accordingly,

IT IS HEREBY ORDERED that the defendant's Motion to Dismiss [**docket entry no. 22**] is **DENIED**.

SO ORDERED this the   11th   day of July, 2007.

                                                                             _____
                                                                               s/ David Bramlette
                                                                    UNITED STATES DISTRICT JUDGE