IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                               CRIMINAL NO. 5:07-cr-1(DCB)(LRA)

BURNELL HARRIS

ORDER

    This case is before the Court on the defendant Burnell Harris'
Motion for New Trial **(docket entry no. 54)**.  Having carefully
considered the motion and the government's response, and being
otherwise fully advised in the premises, the Court finds as
follows:

    Rule 33 of the Federal Rules of Criminal Procedure divides
motions for new trial into two categories: (1) motions based on
"newly discovered evidence," which must be filed within 3 years
after the verdict or finding of guilty (Fed.R.Crim.P. 33(b)(1));
and (2) motions based on "other grounds," which must be filed
within 7 days after the verdict or finding of guilty (Fed.R.Crim.P.
33(b)(2)).  Rule 45 of the Federal Rules of Criminal Procedure
provides that the event that begins the period is excluded.
Fed.R.Cr.P. 45(a)(1).  Intervening weekends and legal holidays are
excluded when the time involved is less than eleven days.
Fed.R.Civ.P. 45(a)(2).  The last day of the period is included
unless it is a Saturday, Sunday, legal holiday, or day on which
weather or other conditions make the clerk's office inaccessible.

Fed.R.Cr.P, 45(a)(3).

The defendant was convicted on July 23, 2007, a Monday. The seventh business day after that date was August 1, 2007, a Wednesday. The defendant's motion was electronically filed on Friday, August 3, 2007.[1] No motion for an extension of time was filed.[2] The defendant's motion is therefore untimely to the extent that it is based on grounds other than "newly discovered evidence."

In <u>Eberhart v. United States</u>, 546 U.S. 12 (2005), the Supreme Court held that where a Rule 33 motion is filed more than 7 days but less than 3 years after the verdict or finding of guilty, and the prosecutor objects on grounds that the defendant's motion is untimely, the district court must deny the motion to the extent that it is based on grounds other than newly discovered evidence. <u>Id</u>. at 16. Because the government raised the untimeliness of Harris' motion in its response, the Court must restrain from considering any grounds for a new trial other than those based on newly discovered evidence.

To be entitled to a new trial based on newly discovered evidence, a defendant prove that:

---

[1] The defendant's certificate of service is dated August 2, 2007. No reason for the disparity in the date of certificate of service and date of filing is offered by the defendant. In any event, both dates are after the August 1, 2007, deadline.

[2] Rule 45 provides that a court may extend the time for good cause on a party's motion made before the originally prescribed time expires, or after the time expires if the party failed to act because of excusable neglect. Fed.R.Crim.P. 45(b)(1)(A),(B).

> (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence if introduced at a new trial would probably produce an acquittal.

United States v. Wall, 389 F.3d 457, 467 (5th Cir. 2004)(citation omitted). "If the defendant fails to demonstrate any one of these factors, the motion for new trial should be denied." Id. (citation omitted). Therefore, as a threshold matter, the defendant must show that the evidence is "newly discovered" and "unknown to the defendant at the time of trial."

In its response to the defendant's motion, the government contends that all of the defendant's grounds, "except for possibly those in ¶ 7 relating to juror James Jackson and in ¶ 8 relating to juror Rosie King, plainly deal with information the defendant possessed prior to the jury verdict." Government's Response, p. 2. In his reply to the government's response, the defendant asserts that "the information contained in the Affidavit of Gary Wayne Hall attached to the Defendant's Motion for New Trial was newly discovered evidence which was discovered only on the date of his Affidavit and was not known to the Movant or counsel during the trial of this matter." Defendant's Reply, p. 1.

Gary Wayne Hall states in his affidavit: "On July 20, 2007, during or around the lunch hour recess of the trial of Burnell Harris, I saw and witnessed several jurors in the Burnell Harris

trial sitting in front of the Adams County Courthouse and reading the <u>Natchez Democrat</u> newspaper."  Hall Affid., p. 1.

Also attached to the Defendant's Motion for New Trial is an affidavit of W. Bruce Lewis, one of Harris's attorneys, who states:

> During the course of the trial of Burnell Harris, I witnessed, during a recess, five (5) of the jurors sitting in front of the Market Street door of the Adams County Courthouse talking among themselves.  I witnessed Juror Osborn with the newspaper in his hands which I believe to be the <u>Natchez Democrat</u>.  I saw the juror pointing to the article in the newspaper concerning the Harris trial and talking with Juror Hammons, who became the foreman of the jury.  After an exchange of words between Hammons and Osborn, Hammons took the newspaper and walked easterly up Market Street out of site of Affiant, and shortly returned without the newspaper in his hand.  Thereafter, the five (5) jurors returned to the Adams County Courthouse and resumed the trial.  It appeared to the undersigned that Jurors Hammons and Osborn were discussing the Harris article in the <u>Natchez Democrat</u> in the presence of the other jurors.

Lewis Affid., pp. 1-2.  The Hall affidavit adds nothing to the Lewis affidavit, and since this information was known to Attorney Lewis during the course of the trial, it is not newly discovered evidence.

In fact, Mr. Lewis brought the newspaper article to the attention of the Court the morning of July 20, 2007.  The Court inquired of counsel how he wished to handle the issue, and counsel requested that the Court admonish the jurors not to read anything or listen to anything in the news media concerning the trial.  The Court did so, apparently to the satisfaction of defense counsel, because no objection was made then or subsequently.

An objection based on known jury misconduct cannot be raised for the first time after trial. United States v. Sorenson, 611 F.2d 701, 702 (8th Cir. 1979); see also United States v. Nance, 502 F.2d 615, 621 (8th Cir. 1974)("'A party may not stand idly by, watching the proceedings and allowing the Court to commit error of which he subsequently complains.'")(quoting McNeely v. United States, 353 F.2d 913, 917 (8th Cir. 1965)). In United States v. Jones, 597 F.2d 485 (5th Cir. 1979), the Fifth Circuit held:

> [A] motion for a new trial can not be based on newly discovered evidence unless that evidence is in fact unknown to the movant until after the verdict. The appellant had the burden of proving that this evidence was in fact newly discovered and that his failure to discover it prior to verdict was not due to his lack of diligence. Zachary v. United States [275 F.2d 793 (6th Cir. 1960)]; see United States v. Ellison [557 F.2d 128 (7th Cir. 1977)].

Id. at 488-89. The Court concludes that the defendant waived his objection on the basis of juror misconduct. Furthermore, he has not shown that the Hall affidavit constitutes newly discovered evidence because he fails to prove the first and second requirements set forth in United States v. Wall, supra.

Even if the defendant could establish newly discovered evidence, his objection on the basis of juror misconduct fails because of the overwhelming weight of the evidence. The Natchez Democrat article of July 20, 2007, contained a statement that the Court had "refused [to grant the defendant's request for an acquittal based on lack of evidence], saying there was enough

evidence for the jury, if they so chose, to find Harris guilty beyond a reasonable doubt." <u>Natchez Democrat</u>, July 20, 2007, p. 1. Thus, the newspaper article did not contain evidence that had been declared inadmissible by the Court; instead, it contained a comment on the evidence by the Court.  Presuming juror exposure to the article in question, and presuming prejudice resulting therefrom, the Court concludes that such prejudice is harmless based on the overwhelming weight of the evidence of Harris's guilt on all counts.  Given the overwhelming strength of the government's case, the comment contained in the newspaper article was not reasonably likely to have affected the verdict.  <u>See</u> <u>United States v. Chanthadara</u>, 230 F.3d 1237, 1251 (10th Cir. 2000)(prejudice, presumed to have arisen when jurors saw newspaper headline stating that judge had referred to defense story as "smoke screen," was harmless in light of overwhelming evidence of defendant's guilt).

 The defendant also complains that he did not receive the list of potential jurors until the morning of trial.  Both the defendant and the government received the jury list on the morning of trial, as is the custom in this Court.  The defendant was given ample time to probe the jury venire.  He did not request additional time, nor otherwise complain that he was unable to effectively conduct his voir dire.

He now alleges, without any supporting evidence, that juror James Jackson was running for political office in Claiborne County,

Mississippi, against the defendant's nephew.  The defendant was not prevented from conducting additional voir dire of Jackson.  Thus, it was the defendant's own lack of diligence that prevented him from learning the information he now wishes to use.  Furthermore, even if the information about Jackson constituted "newly discovered evidence," Harris must show that Jackson "failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause."  McDonough Power Equip. Inc. v. Greenwood, 464 U.S. 548, 556 (1984).  The defendant does not allege that Jackson answered any voir dire question untruthfully.  The defendant is not entitled to a new trial on this basis.  See United States v. Wilson, 116 F.3d 1066, 1086-87 (5th Cir. 1998), overruled on other grounds, United States v. Brown, 161 F.3d 256 (5th Cir. 1998)(noting that it is the defendant's responsibility to conduct sufficient voir dire to uncover relationships that might affect jurors, and noting that there was no evidence that a juror had answered any voir dire question untruthfully).

Harris also asserts that during the jury's deliberations, there was some confusion concerning Jury Instruction 15 (stating the elements of 18 U.S.C. § 666), and that juror Rosie King was confused by Jury Instruction 15 and pressured into voting guilty despite her initial vote of not guilty.

The defendant does not disclose how he learned of events

7

during the deliberation process.  In any event, this "new evidence"
constitutes an inquiry into the jury's deliberations, and is
prohibited by Federal Rule of Evidence 606(b).  In <u>United States v.</u>
<u>Marrero</u>, 904 F.2d 251, 261 (5th Cir. 1990), the Fifth Circuit held
that a juror's affidavit, which stated that one juror told the
others that majority rule controls, was inadmissible under Rule
606(b).  <u>See</u> <u>also</u> <u>United States v. Jones</u>, 132 F.3d 232, 245-46 (5th
Cir. 1998).

All jurors, including Ms. King, were individually polled by
the Court, and all declared that the verdict represented their
personal choice.  "The purpose of polling is to ascertain that each
juror approves of the verdict and has not been coerced or induced
to concur in a verdict to which he or she does not fully assent.
Polling gives effect to each juror's right to change his or her
mind about the verdict agreed to in the jury room ... ."  <u>Dunaway</u>
<u>v. Moore</u>, 78 F.3d 584 at *7 (6th Cir. 1996)(unpublished
opinion)(citing <u>United States v. Miller</u>, 59 F.3d 417, 419 (3rd Cir.
1995).  "After a jury has given its verdict, has been polled in
open court and has been discharged, an individual juror's change of
mind or claim that he was mistaken or unwilling in his assent to
the verdict comes too late."  <u>United States v. Schroeder</u>, 433 F.3d
846, 851 (8th Cir. 1970).  The defendant is not entitled to a new
trial on this basis.

Having found that the defendant is not entitled to a new trial

unless he can show grounds based on "newly discovered evidence," and having found that none of the defendant's arguments based on purported newly discovered evidence have merit, the Court finds that the motion must be denied.  Accordingly,

IT IS HEREBY ORDERED that the defendant Burnell Harris' Motion for New Trial **(docket entry no. 54)** is DENIED.

SO ORDERED, this the __12th__ day of October, 2007.


                              ___s/ David Bramlette_____
                              UNITED STATES DISTRICT JUDGE