```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION
```

UNITED STATES OF AMERICA

VERSUS                            CRIMINAL ACTION NO. 5:07-cr-1(DCB)(LRA)

BURNELL HARRIS                                                   DEFENDANT

PRELIMINARY ORDER OF FORFEITURE

This matter comes before the Court on the government's Motion for Preliminary Order of Forfeiture **(docket entry 55),** and on the defendant's Motion to Postpone Sentencing and Preliminary Order of Forfeiture **(docket entry 58).** Having reviewed the motions as well as the applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On July 23, 2007 after a week-long trial, Burnell Harris, the Circuit Clerk of Jefferson County, was convicted on all counts of a nine-count indictment. He was found guilty of three counts of embezzlement in violation of 18 U.S.C. § 666, two counts of money laundering in violation of 18 U.S.C. § 1957, and four counts of willful evasion of income tax in violation of 26 U.S.C. § 7201. The government moves for forfeiture under 18 U.S.C. §§ 981 and 982 on the embezzlement and money laundering convictions.[1]

Federal Rule of Criminal Procedure 32.2 governs the procedure

---

[1] The defendant was given notice of the government's intention of seeking an order of forfeiture in paragraphs 14 and 15 of the indictment.

-1-

for criminal forfeitures.  The Rule instructs, in pertinent part:

>**(a) Notice to the Defendant.**  A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute.
>
>**(b) Entering a Preliminary Order of Forfeiture.**
>
>   **(1)In General.**  As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.  If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.  If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.  The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.
>
>   **(2) Preliminary Order.**  If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).
>
>   **(3) Seizing Property.** The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. At sentencing – or at any time before sentencing if the defendant consents – the order of forfeiture becomes final as to

>    the defendant and must be made a part of the sentence and
>    be included in the judgment.  The court may include in
>    the order of forfeiture conditions reasonably necessary
>    to preserve the property's value pending any appeal.
>
>    **(4) Jury Determination.**  Upon a party's request in
>    a case in which a jury returns a verdict of guilty, the
>    jury must determine whether the government has
>    established the requisite nexus between the property and
>    the offense committed by the defendant.
>    . . . .

Fed.R.Crim.P. 32.2.

Thus, under the Rule, a criminal forfeiture is to proceed under a rather rigid procedural scheme.  First, after a conviction is obtained on a substantive count which authorizes forfeiture, the Court is to, "[a]s soon as practicable" thereafter, determine whether the requisite nexus is present between the property sought to be forfeited and the offense.  The defendant is entitled to offer evidence concerning the nexus requirement.  If the government proves the existence of a nexus, the Court is to enter a preliminary order of forfeiture without regard to any potential third-party claims to the property.  Then, at sentencing, the preliminary order of forfeiture should be made a part of the sentence and included in the judgment.  Once included in the judgment, the order of forfeiture becomes a final order which is appealable by the defendant.  The rights of third parties are to be determined in an ancillary proceeding.  See Fed.R.Crim.P. 32.2(c).

With regard to the embezzlement charges contained in Counts 1 through 3, the government seeks forfeiture "of all property, real

or personal, which constitutes or is derived from proceeds traceable to the [embezzlement] violations, including but not limited to approximately $222,171.57,"[2] and, regarding Harris's money laundering convictions as stated in Counts 4 and 5, "all property, real and personal, involved in the offenses, and all property traceable to such property, including but not limited to . . . approximately $31,022.15."[3] (Motion for a Preliminary Order of Forfeiture, p. 4). At trial, the government introduced evidence of embezzled funds in the total amount of $454,085.57, a portion of which was also the subject of the money laundering counts (see Government's Exhibits G-44(B) and G-45(B)). The Court finds that the government established at trial that the total amount of funds embezzled by the defendant and/or involved in the money laundering violations of which the defendant was convicted is $454,085.57.

At this stage in the litigation, the Court must determine whether a sufficient nexus exists between the defendant's convictions and the property sought by the government. The government bears the burden of proving forfeitability by a preponderance of the evidence. U.S. v. Melrose East Subdivision, 357 F.3d 493, 500 (5th Cir. 2004); 18 U.S.C. § 983(c)(1). The Court

---

[2] The $222,171.57 figure is the sum of the amounts allegedly embezzled in Counts 1 through 3 of the indictment.

[3] Count 4 of the indictment contains the charge that Harris laundered $19,522.15 of embezzled funds by purchasing a car for his daughter. Count 5 avers that Harris laundered $11,500.00 when he purchased a truck for himself.

finds that the defendant's conviction on Counts 1-5 is sufficient to establish a nexus between his crimes and the $454,085.57.[4] Thus, the Court finds that a preliminary order of forfeiture in the form of a money judgment should be entered in the amount of $454,085.57.

The defendant moves to postpone his sentencing date and the entry of a preliminary order of forfeiture on grounds that the sentence and forfeiture will render him indigent and he will be unable to mount an adequate defense in the event that he is granted a new trial.  Harris's motion for new trial was denied on October 12, 2007.  Harris also alleges that the forfeiture would deprive him of his Sixth Amendment right to counsel.  This argument is untenable as a grounds for postponing entry of a preliminary order of forfeiture.  See Caplin & Drysdale, Chartered v. U.S., 491 U.S. 617, 624-633 (1989).  The defendant has not shown grounds for postponement of either his sentence or entry of a preliminary order of forfeiture.  Accordingly,

IT IS HEREBY ORDERED that the government's Motion for Preliminary Order of Forfeiture **(docket entry 55)** is GRANTED as set forth herein, and a preliminary order of forfeiture is hereby entered against the defendant, Burnell Harris, in the form of a money judgment for $454,085.57;

---

[4] The $454,085.57 figure is the sum of the amounts embezzled, a portion of which were also laundered, from Exhibits G-45(B)(1999-2002)($416,633.26) and G-44(B)(2003)($37,452.81).

FURTHER ORDERED that the defendant's Motion to Postpone Sentencing and Preliminary Order of Forfeiture **(docket entry 58)** is DENIED.

SO ORDERED this the 16th day of October, 2007.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE