IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION



UNITED STATES OF AMERICA

v.  CRIMINAL NO. 5:07cr1-DCB-LRA

BURNELL HARRIS

## FINAL ORDER OF FORFEITURE

This matter comes before the Court on the defendant's sentencing for a Final Order of Forfeiture, the Court having previously entered a Preliminary Order of Forfeiture in this matter on October 16, 2007 (docket entry 62).

Having reviewed the applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and Orders as follows:

On July 23, 2007 after a week-long trial, Burnell Harris, the Circuit Clerk of Jefferson County, was convicted on all counts of a nine-count indictment. He was found guilty of three counts of embezzlement in violation of 18 U.S.C. § 666, two counts of money laundering in violation of 18 U.S.C. § 1957, and four counts of willful evasion of income tax in violation of 26 U.S.C. § 7201. The government moved for forfeiture under 18 U.S.C. §§ 981 and 982 on the embezzlement and money laundering charges.[1]

Federal Rule of Criminal Procedure 32.2 governs the procedure for criminal forfeitures. With regard to the embezzlement charges contained in Counts 1 through 3, the government seeks forfeiture "of all property, real or personal, which constitutes or is derived from proceeds traceable

---

[1] The defendant was given notice of the government's intention of seeking an order of forfeiture in paragraphs 14 and 15 of the indictment.

to the [embezzlement] violations, including, but not limited to approximately $222,171.57,"[2] and, regarding Harris's money laundering convictions as stated in Counts 4 and 5, "all property, real or personal, involved in the offenses, and all property traceable to such property, including but not limited to . . . approximately $31,022.15."[3] (Motion for Preliminary Order of Forfeiture, p. 4). At trial, the government introduced evidence of embezzled funds in the total amount of $454,085.57, a portion of which was also the subject of the money laundering counts (see government's Exhibits G-44(B) and G-45(B)). The Court finds that the government established at trial that the total amount of funds embezzled by the defendant and/or involved in the money laundering violations of which the defendant was convicted is $454,085.57.

The Court determined a sufficient nexus exists between the defendant's convictions and the property sought by the government. The Court finds that the defendant's conviction on Counts 1-5 is sufficient to establish a nexus between his crime and the $454,085.57.[4] The defendant has paid $7,000.00 to the victim, the State Auditor's Office. Thus, the Court finds that a Final Order of Forfeiture in the form of a money judgment should be entered in the amount of $447,085.07.

IT IS HEREBY ORDERED that a Final Order of Forfeiture is hereby entered against the defendant, Burnell Harris, in the form of a money judgment for $447,085.07;

---

[2] The $222,171.57 figure is the sum of the amounts embezzled in Counts 1 through 3 of the indictment.

[3] Harris was convicted of Count 4 of the indictment which contained the charge that Harris laundered $19,522.15 of the embezzled funds by purchasing a car for his daughter. Harris was convicted of Count 5 which charged that Harris laundered $11,500.00 when he purchased a truck for himself.

[4] The $454,085.57 figure is the sum of the amounts embezzled, a portion of which were also laundered, from Exhibits G-45(B) (1999-2002) ($416,633.26) and G-44(B) (2003) ($37,452.81).

IT IS FURTHER ORDERED that, as the forfeiture in this case involves only a money judgment, there is no need to conduct an ancillary hearing.

SO ORDERED AND ADJUDGED this 5th day of November 2007.

_____
UNITED STATES DISTRICT JUDGE