IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                                CRIMINAL NO. 5:07-cr-1(DCB)(LRA)

BURNELL HARRIS


ORDER

   This case is before the Court on the defendant Burnell Harris'
motion to alter, amend or correct the order entered in this cause
denying the defendant's motion for new trial **(docket entry 63)**.
Having carefully considered the motion and the government's
response, and being otherwise fully advised in the premises, the
Court finds as follows:

   On July 23, 2007, Burnell Harris was found guilty of all
counts of a nine-count criminal indictment against him in this
Court.  On July 25, 2007, a judgment of guilt was entered, and on
July 26, 2007, the jury verdict was filed.  On August 3, 2007,
Harris filed a motion for new trial, which was denied by order of
October 12, 2007.  On October 17, 2007, Harris was sentenced.  On
October 19, 2007, he filed the present motion "to alter, amend or
correct" the Court's October 12, 2007, denial of his motion for new
trial.  On October 30, 2007, the Court entered the Judgment in a
Criminal Case, reflecting Harris's conviction and sentence.  On
October 31, 2007, Harris filed his Notice of Appeal to the Fifth
Circuit Court of Appeals.

Harris's motion "to alter, amend or correct" the Court's October 12, 2007, denial of his motion for new trial is properly construed as a motion for reconsideration of the denial of his motion for a new trial.  The Fifth Circuit recognizes that, although there is no authority in the Federal Rules of Criminal Procedure for a "motion for reconsideration," its use has been "repeatedly and expressly sanctioned" by the Supreme Court.  United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982)(citing United States v. Dieter, 429 U.S. 6 (1976); United States v. Healy, 376 U.S. 75 (1964); et al.).  Use of a motion for reconsideration of a denial of a motion for new trial is also recognized in this circuit.  See Cook, 670 F.2d at 47; United States v. Ugalde, 861 F.2d 802, 804 (5th Cir. 1988); see also United States v. Elizondo, 277 F.Supp.2d 691, 695 (S.D. Tex. 2002).

A motion for reconsideration of the denial of a motion for new trial is timely if filed within the period allotted for the noticing of an appeal.  Cook, 670 F.2d at 48 (citing Browder v. Director, Dep't of Corrections, 434 U.S. 257 (1978)).  Thus, Harris's motion for reconsideration was timely filed.

The Fifth Circuit also recognizes that "a motion for reconsideration in a criminal case filed within the original period in which an appeal is permitted 'render[s] the original judgment nonfinal for purposes of appeal for as long as the petition is pending.'"  United States v. Greenwood, 974 F.2d 1449, 1466

(1992)(quoting <u>Dieter</u>, 429 U.S. at 8).  Harris filed his notice of appeal on October 31, 2007.  "Although a district court may not grant a motion for new trial based on newly discovered evidence if an appeal is pending, Fed.R.Crim.P. 33(b)(1), it does, nevertheless, have jurisdiction to 'entertain the motion and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case.'" <u>United States v. Redd</u>, 355 F.3d 866, 880 (5th Cir. 2003)(quoting <u>United States v. Cronic</u>, 104 S.Ct. 2039, 2051 n.42 (1984)).

In his original motion for new trial, Harris relied on two affidavits: one from Gary Wayne Hall and one from W. Bruce Lewis, one of Harris's attorneys.  The Lewis affidavits states:

> During the course of the trial of Burnell Harris, I witnessed, during a recess, five (5) of the jurors sitting in front of the Market Street door of the Adams County Courthouse talking among themselves. I witnessed Juror Osborn with the newspaper in his hands which I believe to be the <u>Natchez Democrat</u>.  I saw the juror pointing to the article in the newspaper concerning the Harris trial and talking with Juror Hammons, who became the foreman of the jury.  After an exchange of words between Hammons and Osborn, Hammons took the newspaper and walked easterly up Market Street out of site of Affiant, and shortly returned without the newspaper in his hand.  Thereafter, the five (5) jurors returned to the Adams County Courthouse and resumed the trial.  It appeared to the undersigned that Jurors Hammons and Osborn were discussing the Harris article in the <u>Natchez Democrat</u> in the presence of the other jurors.

Lewis Affid., pp. 1-2.

The Hall affidavit states: "On July 20, 2007, during or around

3

the lunch hour recess of the trial of Burnell Harris, I saw and witnessed several jurors in the Burnell Harris trial sitting in front of the Adams County Courthouse and reading the <u>Natchez Democrat</u> newspaper."

In its order denying a new trial, the Court found that Harris waived his objection to the incident described in the Lewis affidavit, and, assuming the incidents were the same, the Court further found that Harris's waiver also applied to the incident described in the Hall affidavit.  Order of October 12, 2007, pp. 4-5.  In his motion for reconsideration, the defendant, through counsel, states that the incident observed by attorney Lewis occurred two days before that observed by Hall.   Therefore, contends the defendant, waiver of objection to the first incident is insufficient to constitute waiver as to the second.

The Court agrees with the defendant, and withdraws that portion of the October 12, 2007, order which finds that Harris waived any objection to the incident alleged in the Hall affidavit. However, for the following reasons the Court finds that the defendant's motion for new trial based on the Hall affidavit is without merit.

Harris's original motion for new trial states that

during the course of the trial there was media coverage
wherein the newspaper published a statement made by the
trial judge made outside the presence of the jury which
was preemptory [<u>sic</u>] in nature and which stated that in
the opinion of the trial judge there was sufficient
evidence beyond a reasonable doubt by which the jury

> could convict the Defendant.  Defendant shows that such
> media coverage substantially prejudiced his opportunity
> to receive due process and the right to an impartial jury
> trial in violation of the Fifth and sixth Amendments to
> the United States Constitution.

Motion for New Trial, ¶ 3.  In the present motion for reconsideration, Harris asserts that "[t]he jurors read the Friday edition of <u>The Natchez Democrat</u> which contained the highly prejudicial comments."  Motion for Reconsideration, ¶ 1.

According to his affidavit, Hall observed "several jurors" reading the <u>Natchez Democrat</u>.  He does not state, however, that he observed them reading the Friday edition of the paper or the article in question; nor does he state that he overheard any jurors discussing the article in question.  The jurors were warned repeatedly by the Court not to read any newspaper accounts of the trial.  The Fifth Circuit has held that to conclude that the defendant was denied a fair trial in such circumstances

> would require the application of a dual presumption: that
> the jurors ignored the repeated instructions of the court
> and that they were prejudicially influenced by the news
> stories involved.  Yet the law will presume neither:
> "Appellate courts should be slow to impute to juries a
> disregard of their duties ...."

<u>Gordon v. United States</u>, 438 F.2d 858, 873-74 (5th Cir. 1971)(quoting <u>Fairmont Glass Works v. Cub Fork Coal Co.</u>, 287 U.S. 474, 485 (1933)(additional citations omitted)).

"[W]here publicity prior to and during a trial is neither inherently prejudicial nor unusually extensive, the accused must assume the traditional burden and show actual jury prejudice."  <u>Id</u>.

at 874.  The publicity during Harris' trial was not unusually extensive nor inherently prejudicial.[1]  The article in the Friday, July 20, 2007, edition of <u>The Natchez Democrat</u>, which describes the proceedings of Thursday, July 19, contains the following:

> After the prosecution rested, [defense counsel Harris H.] Barnes asked U.S. District Judge David Bramlett [<u>sic</u>] to declare an acquittal because of lack of evidence.
>
> "(All the charges) require an element of intent," Barnes said.  "The fact that thousands of dollars went into a bank account doesn't prove that intent."
>
> Bramlett [<u>sic</u>] refused, saying there was enough evidence for the jury, if they so chose, to find Harris guilty beyond a reasonable doubt.

<u>The Natchez Democrat</u>, July 20, 2007, p. 1.

Even if one or more jurors were exposed to the newspaper article, the situation would be somewhat analogous to a trial judge hearing and resolving a Rule 29 motion in the presence of the jury.  Although the "much preferred practice" is to hear and resolve Rule 29 motions outside the presence of the jury, "[n]o decision has held that a district court hearing a Rule 29 motion in the jury's

---

[1]  It could be argued that since the article appeared prominently on the front page of Friday's paper, a presumption of prejudice should apply.  <u>See</u> <u>United States v. Herring</u>, 568 F.2d 1099, 1103 (5th Cir. 1978)("Since the jury in this case was not sequestered, it would defy common sense to suppose that not a single member of the jury had at least glanced at the headline and photograph.").  In <u>Herring</u>, however, the headline and subtitle themselves contained "gargantuan possibilities for juror prejudice."  <u>Id</u>.  In addition, the matter was brought to the Court's attention during trial.  In this case, the Hall affidavit was submitted post-verdict, with the defendant's motion for new trial.

presence is prejudicial error by itself." <u>U.S. v. Hoover</u>, 1996 WL 478727 *2 (9th Cir. July 9, 1996).

In <u>United States v. McCarty</u>, 1989 WL 153159 (6th Cir. Dec. 18, 1989), the Sixth Circuit noted that "[t]he obvious danger inherent in a perfunctory denial of an acquittal motion in open court is that the jury may believe the trial judge is expressing his opinion on defendant's guilt." <u>Id</u>. at *3 (citing <u>United States v. Diharce-Estrada</u>, 526 F.2d 637, 641 (5th Cir. 1976). Nevertheless, "[s]uch action, although disapproved, brings about reversal only upon a showing of prejudice coupled with <u>other aggravating factors</u>." <u>Id</u>. (citing <u>Diharce-Estrada</u>, 526 F.2d at 641)(emphasis added).

Thus, for example, in <u>Diharce-Estrada</u>, the Fifth Circuit found that the denial of the defendant's motion of acquittal in the presence of the jury was error "when combined with the disparaging remarks made to defense counsel in the course of the trial." <u>Diharce-Estrada</u>, 526 F.2d at 641. In <u>United States v. Coke</u>, 339 F.2d 183 (2nd Cir. 1964), the Second Circuit found that the judge's denial of a motion of acquittal in the presence of the jury was preceded by "repeated deprecating interjections in the examination of witnesses by the defendant's counsel," which "may well have implied that the defense was incompetent and a sham and that the jury should convict." <u>Id</u>. at 186.

The defendant alleges no "other aggravating factors" in this case; nor does the newspaper article contain any inflammatory

material, only the statement, attributed to the Court, that "there was enough evidence for the jury, if they so chose, to find Harris guilty beyond a reasonable doubt."

In <u>United States v. Anderson</u>, 471 F.2d 201 (5th Cir. 1973), the defendant appealed based on the trial judge's mention and denial of a motion for judgment of acquittal before the jury.   The Fifth Circuit held:

> At most this ruling communicated to the jurors that the judge considered the evidence sufficient to warrant a jury decision of guilt or innocence.  This determination by the trial judge is always implicit in his submission of the case to the jury; its communication to the jurors by denial of the motion for acquittal in the jury's presence was not error.

<u>Id</u>. at 204.

The Court finds that even if one or more members of the jury were exposed to the article in question, such exposure was not inherently prejudicial, and was not prejudicial under the facts of this case.   For purposes of thoroughness in addressing the defendant's motion, the Court further finds that any possible prejudice was corrected by the Court's standard admonitions to the jury to disregard everything not heard in court, and to disregard anything said by the Court except for the instructions on the law. <u>See</u> <u>Smith v. United States</u>, 385 F.2d 34, 39 (5th Cir. 1967). Finally, as it did in its prior order, the  Court finds that any possible prejudice is harmless based on the  overwhelming weight of the evidence of Harris's guilt on all counts.   Given the

8

overwhelming strength of the government's case, the newspaper article was not reasonably likely to have affected the verdict. See United States v. Chanthadara, 230 F.3d 1237, 1251 (10th Cir. 2000)(prejudice, presumed to have arisen when jurors saw newspaper headline stating that judge had referred to defense story as "smoke screen," was harmless in light of overwhelming evidence of defendant's guilt).  Accordingly,

IT IS HEREBY ORDERED that the portion of the October 12, 2007, order (United States v. Harris, 2007 WL 3024178 (S.D. Miss. October 12, 2007))(United States v. Harris, 2007 U.S. Dist. LEXIS 81726 (S.D. Miss. October 12, 2007)) which finds that Harris waived any objection to the incident alleged in the Hall affidavit is withdrawn.

FURTHER ORDERED that the defendant Burnell Harris' motion to alter, amend or correct the order entered in this cause denying the defendant's motion for new trial **(docket entry no. 54),** which the Court construes as a motion for reconsideration, is DENIED.

SO ORDERED, this the   24th   day of March, 2008.


                              s/ David Bramlette
                         UNITED STATES DISTRICT JUDGE