```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

UNITED STATES OF AMERICA

VS.                              CRIMINAL NO. 5:07-cr-1(DCB)(LRA)

BURNELL HARRIS

ORDER

This case is before the Court to address that portion of defendant Burnell Harris's motion for release pending appeal and for other relief **(docket entry 70)** which was held in abeyance by this Court's Order of January 7, 2008, namely, his request that his restitution payments be suspended during incarceration. Having carefully considered the motion, the government's supplemental response, and the defendant's rebuttal thereof, and being otherwise fully advised in the premises, the Court finds as follows:

The defendant was convicted on July 23, 2007. On October 17, 2007, he was sentenced to serve a term of incarceration of 72 months in the custody of the Federal Bureau of Prisons ("BOP"). He requests that the judgment requiring him to pay restitution in the amount of $1,000 per month be suspended during his incarceration.

The Judgment and Commitment Order entered herein requires the defendant to repay the $447,086.07 he stole from Jefferson County to the State Auditor of Mississippi, and provides that "unless the court has expressly ordered otherwise ... payment of criminal monetary penalties is due during imprisonment." Judgment and Commitment Order, p. 6. Under the "Schedule of Payments" section,

the restitution obligation is to begin immediately (Section B), and the balance is to be paid in $1,000 installments beginning monthly 30 days after the defendant's release from imprisonment. (Section D). The Court did not order Harris to pay a fine, and waived interest on the restitution. Judgment and Commitment Order, p. 5.

At sentencing, the defendant did not request that the payment of restitution be stayed during incarceration. His present motion recites that he will be unable to repay $1,000 per month, but provides no further information. Regarding Harris's ability to pay, the presentence report ("PSIR") notes that he failed to complete the Net Worth Statement or Monthly Cash Flow Statement (PSIR, ¶ 71). While the defendant notified the probation office of his $139,000 mortgage, he claimed that the equity of all his real estate was only $20,000. (PSIR, ¶¶ 71, 73). He failed to report any retirement accounts, although the probation office learned that he and his wife had payments to retirement accounts deducted from their salaries. (PSIR, ¶ 72). Harris reported no fee income from the Circuit Clerk's office on his monthly cash flow. (PSIR, ¶ 75). Despite the fact that the defendant stole over $100,000 a year over a four year period, he apparently claims that the money, and any assets obtained therewith, are gone.

As noted in the PSIR, restitution is mandatory under 18 U.S.C. § 3663A. (PSIR, ¶ 76). Title 18 U.S.C. § 3572(d)(1) provides that "a person sentenced to pay a fine or other monetary penalty,

including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments."

The Judgment and Correction Order stipulates that during incarceration restitution payments are to be made pursuant to the BOP's Inmate Financial Responsibility Program.  Judgment and Commitment Order, p. 6.  Under this program, the BOP calculates what a prisoner is capable of paying from his inmate account and deducts that amount monthly.  Since the Judgment and Correction Order stipulates that the $1,000 per month payments are to begin "30 days after release from incarceration," there is no specified amount that must be paid <u>during</u> incarceration.  The prisoner is to pay what he is capable of paying during incarceration, and the balance is paid on a set formula after release from prison.  <u>See Schmidt v. United States Dept. Of Justice</u>, 34 Fed.Appx. 151, 2002 WL 495456, *1 (5th Cir. 2002)(finding such manner of imposing restitution proper).

Harris's objection to payments of $1,000 per month during incarceration is unfounded, since the $1,000 per month payments are not due until 30 days following his release from prison.  His remaining objection, that he "will have no income from any source whatsoever and no ability to pay any amount of money while incarcerated," is based on conjecture and is an insufficient basis for relief.  His ability to pay will be determined by the BOP under

3

its Inmate Financial Responsibility Program as provided in the terms of the Judgment and Correction Order.

The Court therefore finds that the defendant's motion requesting suspension of his restitution order shall be denied. Accordingly,

IT IS HEREBY ORDERED that the portion of defendant Burnell Harris's motion for release pending appeal and for other relief **(docket entry 70),** which seeks suspension of restitution payments, is DENIED.

SO ORDERED, this the   24th   day of March, 2008.

                                                    s/ David Bramlette
                                               UNITED STATES DISTRICT JUDGE