IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                              CIVIL ACTION NO. 5:09-cv-176(DCB)(LRA)
                                 CRIMINAL NO. 5:07-cr-1(DCB)(LRA)

BURNELL HARRIS                                            DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Burnell Harris's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 **(docket entry 89 in criminal no. 5:07-cr-1)**. Having carefully considered the motion, the government's response, and the record in this case, and being fully advised in the premises, the Court finds as follows:

Burnell Harris, former Circuit Clerk of Jefferson County, Mississippi, was convicted in this Court of three counts of embezzlement from a local government that receives federal funds, two counts of money laundering, and four counts of tax evasion. In his Section 2255 motion to vacate, he claims that his trial counsel were ineffective and that the Court imposed an improper sentence enhancement.

In United States v. Cervantes, 132 F.3d 1106 (5th Cir. 1998), the Fifth Circuit noted the limited nature of § 2255 relief:

> Following a conviction and exhaustion or waiver of the right to direct appeal, we presume a defendant stands fairly and finally convicted. United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). As a result, review of convictions under section 2255 ordinarily is

> limited to questions of constitutional or jurisdictional
> magnitude, which may not be raised for the first time on
> collateral review without a showing of cause and
> prejudice. <u>Id</u>. Other types of error may not be raised
> under section 2255 unless the defendant demonstrates that
> the error could not have been raised on direct appeal
> <u>and</u>, if condoned, would result in a complete miscarriage
> of justice. <u>United States v. Pierce</u>, 959 F.2d 1297, 1301
> (5th Cir. 1992).

<u>Id</u>. at 1109 (emphasis in original)(parallel citations omitted).

Regarding the defendant's claims of ineffective assistance of counsel, his burden is high:

> To succeed on any claim of ineffective assistance of
> counsel, a defendant must show that: (1) the attorney's
> representation fell below an objective standard of
> reasonableness, and (2) there is a reasonable probability
> that except for the attorney's unprofessional errors, the
> results of the proceeding would have been different.

<u>United States v. Kinsey</u>, 917 F.2d 181, 183 (5th Cir. 1990)(citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687-688 (1984)); <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000). Merely demonstrating that defense counsel made an error is not enough. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." <u>Strickland</u>, 466 U.S. at 691. Thus, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." <u>Id</u>. at 692. A highly deferential standard is applied to counsel's performance, "mak[ing] every effort to eliminate the distorting effects of hindsight," and "evaluat[ing] the conduct from counsel's perspective at the time

2

[of trial]." Jones v. Jones, 163 F.3d 285, 301 (5th Cir. 1998) (quoting Pitts v. Anderson, 122 F.3d 275, 279 (5th Cir. 1997)).

In order to establish prejudice, a convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Smith v. Puckett, 907 F.2d 581, 584-85 (5th Cir. 1990). A failure to establish either of the Strickland prongs makes it unnecessary to examine the other. Strickland, 466 U.S. at 697.

In Jones, supra, the court observed that "the evidence against Jones was strong, which necessarily limited the available defenses." 163 F.3d at 300. The court further noted that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." Id. at 301 (quoting Green v. Johnson, 116 F.3d 1115, 1122 (5th Cir. 1997)(internal quotation marks and citation omitted)). The court concluded, "even if we assume that counsel's performance was deficient in all of the respects urged by Jones ... we still cannot agree that there is a reasonable probability that the outcome of Jones' trial would have been different had counsel's performance not been deficient in those many respects." Id. at 304. See also Wilkerson v. Collins,

3

950 F.2d 1054, 1065 (5th Cir. 1993)(the court is required to presume trial counsel rendered adequate assistance and that challenged conduct was the product of reasoned trial strategy).

The defendant first claims that his trial counsel were ineffective because they failed to notify him that he had the right not to testify. The defendant was represented at trial by Bill Riley, Harris Barnes, and Bruce Lewis. Although Mr. Riley passed away after the trial, Mr. Barnes and Mr. Lewis have filed affidavits at the direction of the Court responding to the defendant's allegations against them. Mr. Barnes notes that:

> On numerous occasions we explained to Mr. Harris that he was not required to testify, but that if he did in fact testify, his testimony must be credible, and must be truthful. On each and every occasion, Mr. Harris indicated that he clearly understood. The issue of Mr. Harris' testimony was not really an issue, in that Mr. Harris always indicated that he "wanted to tell his story," and did not believe that any jury would convict him if he were allowed to testify. On several occasions Mr. Riley, his primary Attorney, indicated that Mr. Harris did not have to testify, but that if he did, he needed to be believable and truthful. It was always understood that Mr. Harris understood his right not to testify .... The issue of Mr. Harris' understanding that he did not need to testify was clearly understood by all, and any representation that he did not understand is simply an attempt to mislead this Court.

Barnes Affidavit at pp. 3-5.

Mr. Lewis also notes that the defendant was advised that he did not have to testify at trial:

> [T]here were numerous discussions with Mr. Harris concerning whether or not he should or should not testify. I also recall specifically Mr. Riley discussing with Mr. Harris whether he should or should not testify,

> and it was determined, primarily at the insistence of Mr. Harris, that he should testify and tell the truth concerning all matters. Mr. Harris firmly believed that all of his testimony would appear and be received as truthful to the jury, that they would believe that his testimony was credible and truthful, and that they would not convict him when he testified as to what he believed to be the truth. He maintained that conviction through our representation of him even though he was advised and knew that he had no obligation to testify .... Mr. Harris clearly knew that the Government had the burden of proving him guilty and that he had the right to remain silent and not testify had he so chosen .... The assertion in the Defendant's motion that his attorneys did not inform him of his right not to testify is not accurate.

Lewis Affidavit at pp. 2-3.

In addition, the Court, at the beginning of trial, stated on the record that every defendant is presumed innocent and has the right not to testify, and that the jury cannot hold the exercise of that right against him. Trial Transcript, vol. 1, pp. 193-94. Moreover, Mr. Harris served as the Circuit Clerk of Jefferson County for over twenty years, was an interested observer in numerous trials during that time, and undoubtedly understood the rules against self-incrimination and his right not to testify. See Barnes Affidavit at p. 4.

The defendant chose to testify at trial. His testimony was not believable and contained several instances of perjury. The record clearly refutes the defendant's contention that he did not know that he had the right not to testify. Further, the government had submitted compelling evidence of the defendant's guilt before it rested. The absence of the defendant's testimony would not have

5

made the defendant's acquittal reasonably probable. See Green, 116 F.3d at 1122. The defendant's first claim of ineffective assistance of counsel is without merit.

The defendant's second claim is that his trial counsel failed to assist him during the pre-sentence investigation; however, his defense counsel filed objections to the pre-sentence report which were made part of the sealed record in this case. Mr. Lewis's affidavit clearly outlines the substantial time and effort he undertook to represent the defendant during the preparation of the pre-sentence report, and through the sentencing hearing (including traveling to Jackson to meet with the Probation Officer preparing the report, interviewing the defendant and witnesses, filing objections to the pre-sentence report's recommendations, and arguing on behalf of the defendant at the sentencing hearing). Lewis Affidavit at pp. 3-5. This claim is also without merit.

Third, the defendant claims that his trial counsel failed to object to the perjury/obstruction enhancement at sentencing. This claim is also refuted by the record. As Mr. Lewis notes in his affidavit, he argued extensively against the two-level perjury/obstruction enhancement. Lewis Affidavit at pp. 4-5; Sentencing Transcript at pp. 23-27. Although the Court found that the enhancement applied (Sentencing Transcript at pp. 28-31), it was not because defense counsel failed to object. The fact that the defendant was represented by capable and diligent attorneys was

recognized by the Court at sentencing. See Sentencing Transcript at p. 69. The defendant's attorneys did an excellent job for him, both at trial and at sentencing. The defendant has failed to show that they were ineffective in any respect.

The defendant next claims that the Court erred in the application of the sentencing guidelines. In a Section 2255 motion, a petitioner may raise "only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). See also Cervantes, 132 F.3d at 1109; United States v. Payne, 99 F.3d 1273, 1281-82 (5th Cir. 1996); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Harris simply may not attack the application of the sentencing guidelines in § 2255 proceedings. See, e.g., United States v. Segler, 37 F.3d 1131, 1133-34 (5th Cir.1994)(a district court's technical application of the Sentencing Guidelines does not give rise to a constitutional issue cognizable under § 2255).

In addition, any claims of constitutional or jurisdictional import, when not raised on direct appeal, are procedurally defaulted. They can only be considered in a § 2255 proceeding if (1) the movant can show cause for his failure to raise his claims on appeal and actual prejudice resulting from the alleged errors,

or (2) the movant can show that he is actually innocent. <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998). The defendant does not allege, much less prove, any cause for failing to raise his claims regarding sentencing on direct appeal; as a result, his claims are procedurally defaulted. Nevertheless, the Court will address the merits of his claims concerning sentencing.

The defendant first claims that this Court failed to consider the factors set out in 18 U.S.C. § 3553(a) in imposing sentence. As noted, this claim is procedurally barred. Moreover, the Court expressly discussed 18 U.S.C. § 3553(a) and the factors to be considered in imposing sentence. Sentencing Transcript at pp. 67-70, 73. While the defendant argues that the Court should have analyzed these factors in such a manner as to lead to probation, this Court certainly was within its considerable discretion to conclude otherwise. Harris also argues that the Court should have addressed § 3553(a)(6)'s imperative to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," in light of the criminal case of M.L. Vines, former Circuit Clerk of Adams County, Mississippi. However, Vines was sentenced by a state court. Section 3553(a)(6)'s admonition applies only to "federal court to federal court disparities, not those that may exist between federal and state courts." <u>United States v. Malone</u>, 503 F.3d 481, 486 (6th Cir. 2007).

8

The defendant also claims that this Court's finding that the perjury/obstruction enhancement applied violates Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Supreme Court held that the Constitution requires that any fact which increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. In this case, the prescribed statutory maximum sentence was 65 years, well over the 72-month sentence imposed. Sentencing Transcript at pp. 68-69. Apprendi is not applicable.

In addition, Harris's argument has no merit after the Supreme Court's decision in Booker v. United States, 543 U.S. 220 (2005), which rendered the Guidelines advisory. Id. at 258-65. In United States v. Whitfield, 590 F.3d 325 (5th Cir. 2009), the Fifth Circuit held:

> Appellants claim that the district court violated their Sixth Amendment right to trial by jury by basing their sentencing Guidelines ranges on facts not found by a jury beyond a reasonable doubt. This argument has no merit after the Supreme Court's decision in Booker rendering the Guidelines advisory. See United States v. Mares, 402 F.3d 511, 518 (5th Cir. 2005); see also [United States v.] Mitchell, 484 F.3d [762,] 776 [5th Cir. 2007]. As we explained in Mares,
>
>> "Booker contemplates that, with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing. The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the

> determination of a non-Guidelines sentence."
>
> Id. (internal citations omitted). "Booker error occurs when the sentencing judge bound by mandatory [Guidelines] increases the defendant's sentencing range based on facts not found by the jury or admitted by the defendant." United States v. Stephens, 487 F.3d 232, 245-46 (5th Cir. 2007). In this case, the district court, sentencing long after Booker, clearly understood that the Guidelines were advisory only; therefore, it did not err in finding facts relevant to sentencing.

Whitfield, 590 F.3d at 367. At the sentencing hearing, this Court expressly acknowledged that the Guidelines are advisory and not binding. Sentencing Transcript at pp. 3, 60, 68, 73. The defendant's objection is without merit.

Finally, the defendant claims that this Court should have departed downward based upon the defendant's circumstances. The decision whether to grant a downward departure is solely within the sentencing court's discretion and will not even be reviewed on appeal unless something in the record indicates that the sentencing court believed it lacked discretion to downwardly depart. See United States v. Yanez-Huerta, 207 F.3d 746, 748 (5th Cir. 2000). Nothing in the sentencing transcript indicates that the Court mistakenly thought it lacked the discretion to grant a downward departure.

The defendant's trial attorneys were highly competent. The defendant was fully advised, both by his counsel and by the Court, that he did not have to testify. He chose to do so. His testimony was not effective in casting doubt on his guilt. That was not his

attorneys' fault.  The defendant was also zealously represented during the preparation of the pre-sentence report and at his sentencing.  His sentence was properly calculated.  Neither his conviction nor his sentence should be disturbed.  For all of the foregoing reasons the Court finds that the defendant's Section 2255 motion is without merit and shall be denied.

Accordingly,

IT IS HEREBY ORDERED that the defendant Burnell Harris's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 **(docket entry 89 in criminal no. 5:07-cr-1)** is DENIED, and civil action no. 5:09-cv-176 shall be dismissed with prejudice.  A separate judgment in compliance with Fed.R.Civ.P. 58 shall issue;

FURTHER ORDERED that the petitioner is not entitled to a Certificate of Appealability, as set forth in the Final Judgment.

SO ORDERED, this the 18th day of June, 2012.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE